IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

| | | |
|---|---|---|
| THOMAS H. MCQURTER, JR. | * | |
| Plaintiff, | * | |
| v. | * | 3:05-CV-613-F |
| | | WO |
| TALLAPOOSA CO. S.O., *et al.*, | * | |
| Defendants. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff is currently incarcerated in the Tallapoosa County Jail located in Dadeville, Alabama. He files this 42 U.S.C. § 1983 action complaining that he is allergic to onions and that if a meal tray contains this food item he, instead, receives a cold sandwich. Plaintiff further states that in 2002 he was convicted of escape and has since completed service of the sentence imposed for this crime. He complains, however, that he has been charged again with this offense and is, therefore, unlawfully imprisoned. The court understands Plaintiff to seek his release and/or damages. Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

DISCUSSION

*1. The Tallapoosa County Sheriff's Office*

Plaintiff names the Tallapoosa County Sheriff's Office as a defendant. The Tallapoosa County Sheriff's Office is not a legal entity subject to suit or liability under § 1983. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the court concludes that Plaintiff's claims for relief against this defendant are subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *Id.*

*2. The Food Claim*

Plaintiff is allergic to onions. He complains that when the jail serves a meal containing this food item he receives a cold sandwich. Plaintiff also states that on one occasion he was not served a meal because Defendant Hines disputed his claim that a meal tray he received on June 27, 2005 contained onions.

"The fact that the food occasionally contains foreign objects or sometimes is served cold ... does not amount to a constitutional deprivation. *Hamm v. DeKalb County,* 774 F.2d 1567, 1567 (11th Cir.1985); *see also French v. Owens,* 777 F.2d 1250, 1255 (7th Cir.1985) (the Constitution is not violated where inmates are provided nutritionally adequate food prepared and served under conditions which do not present an immediate danger to the inmates' health and well-being). Likewise, that Plaintiff may have missed one meal because jail staff contested his assertion that it contained onions, without more, fails to implicate the Constitution. *See Green v. Ferrell,* 801 F.2d 765, 770-71(5th Cir. 1986) (finding that the

provision of only two nutritionally adequate meals daily does not violate the Eighth Amendment). Accordingly, Plaintiff's complaints about the food service at the jail are due to be dismissed. *See Neitzke v. Williams*, 489 U.S. 319 (1989).

*3. The Unlawful Imprisonment Claim*

Plaintiff alleges that his imprisonment is unlawful. In support of this claim Plaintiff asserts that he is currently incarcerated on charges to which he previously entered a guilty plea and completed service of the sentence imposed.

The undersigned concludes that this claim must be dismissed. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973) (dismissal of action appropriate where petitioner's request for injunctive relief would result in his release). An inmate who challenges the fact or duration of his confinement and seeks an immediate or speedier release may not seek such relief in a § 1983 action but must file a petition for writ of habeas corpus. *See also Uboh v. Reno,* 141 F.3d 1000, 1006 (11th Cir.1998) (a civil proceeding challenging the grounds on which the prosecution of the defendant had been commenced would indirectly implicate the question of the defendant's guilt; this "type of parallel inquiry by way of a civil suit prior to the resolution of a criminal action based on the same type of events is precisely the quandary that *Heck* prohibits."); *Heck v. Humphrey*, 512 U.S. 477 (1994).

CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case

be dismissed with prejudice prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **July 18, 2005**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 6th day of July, 2005.

                                                      **/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE